UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSE ORRACA (93-A-9300),

                Plaintiff,                  **DECISION AND ORDER**

v.

                                                    10-CV-00494(S)(M)

WASHBORN, et al.,

                Defendants.
_____

        This action has been referred to me by Order of Hon. William M. Skretny for supervision of pretrial proceedings in accordance with 28 U.S.C. §636(b)(1) [11].[1] Before me is plaintiff's motion to compel discovery [18]. Oral argument was held on September 7, 2011 [28]. For the following reasons, plaintiff's motion is denied, without prejudice.

## BACKGROUND

        Plaintiff commenced this action pursuant to 42 U.S.C. §1983, alleging that while he was housed at Southport Correctional Facility ("Southport"), defendants violated his rights by confiscating and opening his legal mail outside of his presence and confiscating his personal mail. Complaint [1]. He moves to compel production from defendants of "every copy of the legal documents confiscated from [him]" [18]. According to plaintiff, he "submitted [a] request for these documents . . . several times to the defendants pursuant to Rule 34. . . but have [*sic*] not . . . received confiscated . . . papers that are legal and cannot be duplicated. Id.

---

[1]     Bracketed references are to the CM/ECF docket entry.

In response, defendants argue that plaintiff's motion is not predicated on any discovery request, and that even treating his letter postmarked July 21, 2011 (served *after* the July 5, 2011 motion to compel) as a discovery request seeking the confiscated mail, they have sufficiently responded to it by representing in their discovery response [24] that they "are no longer in possession of any of plaintiff's previously confiscated documents". Murphy Declaration [25], ¶¶8-9.

**ANALYSIS**

"[I]n the absence of proof of demands actually being served upon defendants, a motion to compel their response is premature." Fox v. Poole, 2006 WL 2528535, *2 (W.D.N.Y. 2006)(Scott, M.J.). There is nothing before me establishing that plaintiff's motion to compel disclosure of the confiscated documents was preceded by a document demand seeking such discovery. Even assuming that plaintiff's motion was not premature, I would deny it, since defendants have represented in a discovery response that they are not in possession of any responsive documents [24].

Changing course from what he initially sought in his motion, plaintiff's reply seeks disclosure of the "book log entry of all legal mail sent to plaintiff at Southport Correctional Facility" [26]. I "will not consider new arguments in reply papers." Precisionir Inc. v. Clepper, 693 F.Supp.2d 286, 297 (S.D.N.Y. 2010). Even if plaintiff had sought this relief in his initial motion, I would deny it as premature because there is no indication that

plaintiff served a document demand seeking this discovery.  See Fox, 2006 WL 2528535 at *2.

## CONCLUSION

For these reasons, plaintiff's motion to compel [18] is denied, without prejudice to refiling after proper discovery demands are made.

**SO ORDERED**.

Dated: September 15, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge